**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | |
| **CSK AUTO, INC.** | ) | **C O M P L A I N T** |
| **n/k/a O'REILLY AUTO** | ) | |
| **ENTERPRISES, LLC** | ) | |
| **d/b/a O'REILLY AUTO PARTS,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Aaron Whitehead who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant CSK Auto, Inc. n/k/a O'Reilly Auto Enterprises, LLC d/b/a/ O'Reilly Auto Parts (hereafter "Defendant" or "O'Reilly") discriminated against the Charging Party by subjecting him to sexual harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3.      Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## CONDITIONS PRECEDENT

6.      More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.      On September 24, 2012, following an investigation, the Commission determined that there was reasonable cause to believe that Defendant discriminated against Charging Party Whitehead because of his sex, male, in that he was subjected to sexual harassment, in violation of Title VII.

8.      Prior to institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below through informal methods of conciliation, conference, and persuasion:

a)      On September 24, 2012, the Commission invited Defendant to engage in informal conciliation efforts to eliminate the practices the Commission found unlawful.

b)      During the period September 24, 2012, to June 19, 2014, the Commission and Defendant engaged in such informal efforts.

c)      On June 19, 2014, the Commission determined that it was unable to obtain an agreement acceptable to the Commission by informal methods of conciliation, conference, and persuasion, and concluded those efforts.

9.      All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

10.     Since at least September 2008, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a).  These practices include, but are not limited to, discriminating against Charging Party because of his sex by creating and tolerating a sexually hostile work environment of offensive comments of a sexual nature, unwelcome touching, unwelcome advances, and failing to take prompt and effective action to remedy that sexual harassment after Charging Party complained about it.

11.     The effect of the practices complained of above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect his status as employees because of his sex.

12.     The unlawful employment practices complained of in paragraph 10 above were intentional.

13.     The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sex;

B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

C.      Order Defendant to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, in amounts to be determined at trial;

D.      Order Defendant to make whole the Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

E.      Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 10 above, in amounts to be determined at trial;

F.      Grant such further relief as the Court deems necessary and proper in the public interest; and

G.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Date: August 28, 2014                     Respectfully submitted,


P. DAVID. LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

 s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

 s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

 s/ Laura R. Feldman
Laura R. Feldman
Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8108
Laura.Feldman@eeoc.gov