Case: 1:14-cv-06641 Document #: 12 Filed: 09/03/14 Page 1 of 11 PageID #:30
Case: 1:14-cv-06641 Document #: 7-1 Filed: 09/02/14 Page 1 of 11 PageID #:13

MM-T

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CSK AUTO, INC. ) <br> d/b/a O'REILLY AUTO PARTS, ) <br> ) <br> Defendant ) | CIVIL ACTION NO. 14-06641 <br><br> Judge Rebecca R. Pallmeyer <br><br> Magistrate Judge Sheila M. Finnegan |

## CONSENT DECREE

The Equal Employment Opportunity Commission (hereafter the "Commission" or the "EEOC") filed this action against CSK Auto, Inc. d/b/a/ O'Reilly Auto Parts (hereafter "O'Reilly") under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). In its Complaint, EEOC alleged that Defendant discriminated against Charging Party Aaron Whitehead because of his sex, male, in that he was subjected to sexual harassment by his manager in violation of Title VII at the O'Reilly store located on 6619 S. Halsted Street in Chicago, Illinois. Nothing in this Decree constitutes an admission by any party as to the claims and/or defenses of the other party.

The parties have determined to finally resolve this action through the entry of this Consent Decree.

### Findings

Having carefully examined the terms and provisions of this Consent Decree, the Court finds the following:

1.   This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)and and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   This Court has jurisdiction over the parties.

3.   The terms and provisions of this Consent Decree are adequate, fair, reasonable, equitable and just. This Consent Decree resolves all claims alleged by the EEOC in its Complaint. The rights of the parties and of Aaron Whitehead, and the interests of the public are adequately protected by this Consent Decree.

4.   This Consent Decree conforms to the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of Title VII.

WHEREFORE, upon the consent of the parties, IT IS ORDERED, ADJUDGED AND DECREED:

### Sexual Harassment

5.   Defendant and its officers, agents, employees, successors, assigns, and all persons acting in concert with them shall comply with Title VII, including but not limited to refraining from allowing employees to sexually harass other employees and preventing sexual harassment.

### Non-Retaliation

6.   Defendant and its officers, agents, employees, successors, assigns, and all persons acting in concert with them shall comply with Title VII, including but not limited to refraining from engaging in any form of retaliation against any employee because such employee has opposed any practice made unlawful under Title VII; filed a Charge of Discrimination under Title VII; testified or

participated in any manner in any investigation, proceeding, or hearing under Title VII; or asserted any rights under this Consent Decree.

### Amendment to Policy

7. (a) Within twenty calendar days of the date of the entry of this Consent Decree, O'Reilly shall submit to EEOC its policy prohibiting discrimination that shall contain, at a minimum: (i) a clear explanation of prohibited conduct; (ii) assurance that employees who make complaints or provide information related to such complaints will be protected against retaliation; (iii) a clearly described complaint process that provides accessible avenues of complaint, (iv) assurance that the employer will protect the confidentiality of complaints to the extent possible; (v) a complaint process that provides a prompt, thorough, and impartial investigation; and (vi) assurance that the employer will take immediate and appropriate corrective action when it determines that a violation has occurred. The policy will also list the phone number and fax number of the Corporate Team Member Relations Coordinator(s) whom employees may call or fax to complain of discrimination, harassment or retaliation.

(b) EEOC shall have the opportunity to object to the policy before it is distributed to O'Reilly employees. Defendant agrees that if EEOC objects to the proposed non-discrimination policy, it will submit a new proposal to the EEOC within ten (10) days of receiving the EEOC's objection.

(c) Within twenty-one calendar days of the date the policies are revised and the final versions have not been objected to by EEOC, Defendant shall distribute the revised non-discrimination policy to all employees by posting the updated policy on Defendant's intranet, TeamNet. Defendant agrees to notify all employees that the revised non-discrimination policy has been posted on TeamNet. Defendant also agrees to distribute the policy to all new employees upon hire nationwide. Defendant

agrees to certify to EEOC within thirty (30) days of the non-discrimination policy's distribution that the requirements of this paragraph have been met.

(d) Also within twenty-one calendar days of the date the policies are revised and the final versions have not been objected to by EEOC, Defendant shall distribute paper copies of its policy to all employees working at store 3369.

### Posted Notice

8. Within ten days after this Consent Decree is entered, and continuously for 24 months from the date of the Consent Decree, Defendant shall conspicuously post 8.5 x 11 color copies of the Notice attached as Exhibit A at each store in District 239. The posting will be on the bulletin boards used for posting employment-related notices or posters at each store. Defendant shall ensure that the Notices are not covered, defaced, or otherwise altered in any way for the duration of the posting period. Defendant shall certify to the EEOC within thirty (30) calendar days of the date of this Consent Decree that the Notice has been properly posted.

### Monetary Relief

9. Within ten days after receipt of the Release, attached as Exhibit B, Defendant shall pay Charging Party Aaron Whitehead a gross sum of $35,000, which shall be paid as follows:

(a) $3,500 as wages by check, from which appropriate withholdings shall be deducted, and for which a W-2 will be issued; and

(b) $31,500 as damages by check, from which there shall be no withholding, and for which a 1099 will be issued.

Contemporaneously, Defendant shall furnish to EEOC a copy of such checks. The checks shall be mailed via certified mail to the address provided on the release.

10. The parties shall bear their own costs and attorneys fees.

### Training

11.     Defendant agrees to retain an experienced outside lawyer or consultant to conduct in-person training on Title VII for all employees and managers at all of Defendant's locations in District 239. The purpose of this training is to educate both management and non-management on the definition of discrimination, including harassment, under Title VII, examples of conduct which constitute such discrimination or harassment, appropriate responses to complaints of discrimination or harassment, and the rights and responsibilities of employees and management relating to discrimination or harassment. All employees and managers in all of Defendant's locations in District 239 will be required to attend.

12.     Within forty-five (45) days of the execution of this Consent Decree, Defendant shall submit the following information for EEOC review:

   a. name, address and telephone number of proposed training consultant;
   b. proposed date(s) of the training; and
   c. proposed schedule and contents of the training.

13.     Within thirty (30) days of Defendant submitting information in paragraph 12 to the EEOC, and the EEOC not having objected to the trainer, material and/or content of the training, Defendant shall begin the training as outlined in paragraph 11. If the EEOC objects to the proposed training, Defendant will submit a new proposal of training within ten (10) days of receiving the EEOC's objection and commence such training within thirty (30) days thereafter. Within ten (10) days prior to the training, Defendant agrees to notify the EEOC of the date, time, and location of the training. An EEOC representative may observe the training session.

14.     Defendant agrees to certify to the EEOC within fifteen (15) days that the training was conducted and that all employees and managers in all of Defendant's locations in District 239 attended by listing each attendee's name, signature and position title.

### Record Keeping

15. Defendant shall maintain and keep available for inspection and copying by the EEOC all documents relating to Defendant's receipt and investigation of complaints of, or related to, sex discrimination, sexual harassment, and/or retaliation in District 239 for the duration of this Consent Decree.

16. Defendant shall make all documents referred to in paragraph 15 available for inspection and review by the EEOC within ten (10) business days after the EEOC so requests.

17. For the purpose of allowing the EEOC to verify Defendant's compliance with this Consent Decree, Defendant shall permit the EEOC to enter Defendant's premises and also permit its agents and/or employees whom the EEOC asks to interview to be interviewed. The EEOC onsite inspection and/or interviews shall be at a mutually agreeable place, time and date.

### Reporting

18. In months ten (10) and twenty (20), for the duration of this Consent Decree, Defendant shall provide to EEOC, for each employee in District 239 who complains of sex discrimination and/or sexual harassment and/or retaliation, or whose complaint was investigated, the following information in writing:

   a. name,
   b. sex,
   c. date(s) of complaint,
   d. status of complaint,
   e. disposition of complaint,
   f. date of disposition of complaint, if applicable,
   g. copy of written complaint or summary of verbal complaint, and
   h. date and reason for separation from Defendant of individual complaining, if applicable.

If no employee has made such a complaint, a Human Resources Manager of Defendant shall submit a signed statement so stating. Each report shall also contain a statement signed by an officer of

Defendant that the Notice required to be posted by paragraph 8 above remained posted during the reporting period.

### Duration

19. This Consent Decree shall be in effect for the period of 24 months during which time the Court shall retain jurisdiction of the parties and of this action for the purpose of enforcing the provisions of this Consent Decree.

### Neutral Reference

20. Defendant agrees to provide a neutral reference to potential employers who inquire about Charging Party's employment with Defendant, which will include only Charging Party's dates of employment, positions held, and most recent wage rate, if the Charging Party provides potential employers the following contact information for O'Reilly: the Work Number, 1-800-367-5690, www.theworknumber.com, Employer Code 13289.

### Dispute Resolution

21. The EEOC will give O'Reilly fifteen (15) business days notice of any alleged non-compliance with the terms of the Decree before initiating enforcement actions under this Decree. If O'Reilly has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief. If Defendant fails to pay the monetary amount specified above within the time provided in paragraph 9, the EEOC may apply directly to the Court for appropriate relief.

**Miscellaneous Provisions**

22. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant O'Reilly. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or the store at 6619 S. Halsted, Chicago, IL, or any successor of Defendant, prior to the effectiveness of any such asset sale, acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

23. When this Consent Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to Laura Feldman, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Defendant, they shall be mailed to Tamara de Wild, O'Reilly Auto Parts, 233 S. Patterson, Springfield, MO 65802.

24. If any provision of this Consent Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions will remain in full force and effect.

25. This Consent Decree may be executed in counter-parts, and authentic scanned or facsimiled signatures shall be deemed to be original signatures for all purposes.

26. Nothing in this Decree represents the Court's or EEOC's approval of any policy of Defendant against discrimination or retaliation.

**Approved for Plaintiff EEOC**

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507


/s/ JOHN HENDRICKSON
JOHN C. HENDRICKSON
Regional Attorney


/S/ DIANE SMASON
DIANE SMASON
Supervisory Attorney

/S/ LAURA FELDMAN
LAURA FELDMAN
Trial Attorney


For Defendant O'Reilly Automotive Stores

Jonathan Andrews
Vice President of Human Resources

ENTERED AND ORDERED THIS 3rd DAY OF ~~AUGUST~~ *September* 2014

Judge

## NOTICE TO EMPLOYEES (EXHIBIT A)

This Notice is being posted pursuant to a Consent Decree (a public settlement enforced by the federal District Court) resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") titled *EEOC v. CSK Auto, Inc. d/b/a O'Reilly Auto Parts,* No. xxxx, N.D. Ill.

In its suit, EEOC alleged that O'Reilly discriminated against a male employee because of his sex, male, in that he was subjected to sexual harassment by his manager in violation of Title VII at an O'Reilly store located at 6619 S. Halsted Street in Chicago, Illinois.

To resolve the case, EEOC and O'Reilly have entered into a Consent Decree, which provides that:

1) O'Reilly will pay a monetary amount to the employee who was subjected to sexual harassment.

2) O Reilly will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree.

3) O'Reilly, its supervisors and agents will support and comply with federal law that prohibits discrimination and harassment against any employee or applicant because of an individual's sex.

4) O'Reilly, its supervisors and agents will report to the EEOC on its compliance with Title VII.

5) O'Reilly will also train all management employees regarding their duties and obligations to avoid sex discrimination, sex harassment, or retaliation. O'Reilly will also train all employees on their employment rights, including the right to be free from sex discrimination, harassment or retaliation and how to complain if they believe they are victims of sex discrimination, harassment, or retaliation.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, disability, pregnancy or genetic information and also enforces the laws against retaliation for making a complaint of discrimination or for opposing a discriminatory practice. If you believe you have been discriminated against, you may contact the EEOC at (312) 869-8000. The EEOC charges no fees. The EEOC also has employees who speak languages other than English and has a TTD number.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for 24 months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661 (312) 869-8108, Attention: O'Reilly Auto Parts Store (Chicago, IL) Settlement.**

_September 3, 2014_
Date

_[signature]_
Judge

### EXHIBIT B

### RELEASE AGREEMENT

I, Aaron Whitehead, for and in consideration of the sum of $35,000 payable to me by O'Reilly Automotive Stores, Inc. ("O'Reilly") pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. CSK Auto, Inc. d/b/a O'Reilly Auto Parts,* No. xxxx, N.D. Ill., hereby waive my right to recover for any claims of sex discrimination and/or retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, that I had against O'Reilly prior to the date of this release that were raised in the above-referenced lawsuit.

Date: _____          Signature: _____

                                                      Printed Name: _____

Address: _____
              Street and Number              Apartment number (if any)

_____
              City/Town                                Zip Code